IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KAREN TURNER,

    Plaintiff,

v.             CIVIL ACTION NO. 2:16-cv-06570

VOLKSWAGEN GROUP OF AMERICA, INC, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

  Pending before the court is the defendants', Volkswagen Group of America, Inc. and Liberty Life Assurance Co. of Boston, Rule 12(c) Motion for Judgment on the Pleadings [ECF No. 23]. The plaintiff, Karen Turner, filed an Opposition [ECF No. 29], and the defendants filed a Reply [ECF No. 31]. The matter is now ripe for decision. For the reasons stated herein, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

  Volkswagen Group of America, Inc. ("Volkswagen") employed Keith Turner ("Mr. Turner"), the plaintiff's deceased husband, from 1984 to 1985. Compl. ¶¶ 7–9. At that time, Volkswagen sponsored a group disability insurance plan for its employees. *Id.* at ¶ 8. Mr. Turner began receiving long-term disability ("LTD") benefits through Volkswagen's group disability insurance plan in 1985 after an

accident in the course of his employment rendered him quadriplegic. *Id.* at ¶¶ 9, 11. Mr. Turner continued receiving LTD benefits until he died in February 2016. *Id.* at ¶¶ 11, 16. In addition to disability benefits, Volkswagen also offered a group life insurance plan through which Mr. Turner purchased a life insurance policy before his death. *Id.* at ¶ 10.

From 2011 to 2016, he received confirmation statements from Volkswagen indicating that he was covered under the company's group life insurance plan for $52,000. *Id.* at ¶ 13. Early in 2016, Mr. Turner received a notification that Liberty Life Assurance Co. of Boston ("Liberty") would serve as the provider of the life insurance coverage previously provided by Volkswagen and that his coverage would remain the same. *Id.* at ¶ 15. Indeed, prior to Mr. Turner's death, neither Volkswagen nor Liberty indicated any alteration to Mr. Turner's insurance plans. *Id.*

After Mr. Turner died, the plaintiff provided Volkswagen with a copy of Mr. Turner's death certificate in an attempt to receive benefits. *Id.* at ¶¶ 16–18. In response to the plaintiff's submission, Volkswagen sent the plaintiff a condolence letter on February 29, 2016, stating that she was eligible only for the continuance of her husband's health and welfare benefits through COBRA. *Id.* at ¶ 19; Admin. R. Ex. A, at LI 0001 [ECF No. 21-2]. In response to this letter, prior counsel for the plaintiff sent Volkswagen a letter on March 14, 2016, asking it to advise whether Mr. Turner was covered by life insurance at the time of his death. Compl. ¶ 20; Obj. Admin. R. 3 [ECF No. 26]. After receiving the letter from plaintiff's counsel,

2

Volkswagen responded with its own letter on March 31, 2016, ("March 31 Letter") stating that the plaintiff was not entitled to benefits under its life insurance policy. Answer Ex. A, at 1 [ECF No. 13-1]. Notably, although the March 31 Letter included a copy of Volkswagen's benefits plan and urged the plaintiff to contact the plan administrator if she had questions, the letter itself omitted any mention of the benefit plan's internal appellate procedure. *Id.*

The plaintiff's current counsel sent a letter on June 14, 2016, ("June 14 Letter") that indicated the plaintiff intended to appeal the life insurance determination. Answer Ex. A, at 38–39. In response to the plaintiff's June 14 Letter, the defendants' counsel wrote a letter on July 14, 2016, ("July 14 Letter") indicating that the plaintiff was procedurally barred from appealing the March 31, 2016, benefits denial because the benefit plan's sixty-day appeal period had lapsed. *Id.* at 42–43. The plaintiff never attempted to file an appeal for the denial of her life insurance benefits through the benefits plan's internal appellate procedure.

Additionally, Liberty called the plaintiff several times and left voicemails indicating that a survivor benefit existed under Mr. Turner's LTD benefit plan. Compl. ¶ 30. However, after the plaintiff left a voicemail inquiring about the survivor benefit, Liberty called the plaintiff and left a voicemail informing her that no survivor benefit existed. *Id.* at ¶¶ 31–32. In reply to that voicemail, the plaintiff's counsel sent a letter notifying the defendants of her intent to appeal the denial of her survivor benefit. Answer Ex. B, at 1–2. The defendants' counsel responded by sending a formal

3

letter indicating that the plaintiff's survivor benefit had been denied and restarting the time-period during the which the plaintiff could appeal the benefits plan's determination. *Id.* at 5–6. Unlike the letter denying her life insurance claim, the letter denying the plaintiff's survivor benefit specifically referenced the benefit plan's internal appellate procedure. *Id.* Despite the letter's reference, the plaintiff never attempted to use the benefit plan's internal appellate procedure from the denial of her survivor benefit claim.

Following the denial of her benefits, the plaintiff brought a lawsuit asserting three causes of action under the Employee Retirement Income Security Act ("ERISA"). Specifically, the plaintiff asserted claims for (1) wrongful denial of her life insurance claim, (2) wrongful denial of her survivor benefit claim, and (3) breach of fiduciary duty.

## II. LEGAL STANDARD

"[T]he Rule 12(c) judgment on the pleadings procedure primarily is addressed to . . . dispos[e] of cases on the basis of the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004). A motion under 12(c) is useful when only questions of law remain. *Id.*

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute . . . and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the

4

> pleadings, [and] whatever is central or integral to the claim for relief or defense . . . .

*Id.*

When ruling on a 12(c) motion, courts must consider the pleadings, documents attached to the pleadings, and any documents that are "integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citation omitted). Additionally, district courts apply the Federal Rule of Civil Procedure 12(b)(6) standard when ruling on 12(c) motions. Wright & Miller, *supra*, § 1367; *see Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 706 n.17 (S.D. W. Va. 2009) ("[T]he standards under Federal Rule of Civil Procedure 12(c) for a motion for judgment on the pleadings are identical to those applicable to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.").

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiffs must plead facts allowing the

5

court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.[1]

### III.   DISCUSSION

The defendants argue that all three of the plaintiff's claims should be dismissed. Specifically, the defendants argue that the plaintiff's denial of benefits claims should be dismissed because she failed to exhaust the administrative remedies available to her and that the plaintiff's breach of fiduciary duty claim should be dismissed because the duties allegedly breached are ministerial, not fiduciary, in nature. I will address each of the claims in turn.[2]

---

[1] The plaintiff repeatedly cites to the administrative record in this case. Were I to consider material outside of the pleadings, Federal Rule of Civil Procedure 12(d) dictates that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "it is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1371 (3d ed. 2004); *see also Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 193 (4th Cir. 2015) (noting that Federal Rule of Civil Procedure 12(d) permits courts to simply ignore materials outside of the pleadings when those materials are presented during a motion to dismiss). Here, I rely solely on the pleadings to render my decision; therefore, I need not convert the defendants' Motion to a motion for summary judgment.

[2] The parties argue over whether a de novo or abuse of discretion standard of review applies to this case. However, I am not asked to review the benefits plan's determination in this case. Rather, I am merely asked to determine whether the plaintiff alleged sufficient facts to support a showing of exhaustion of plan remedies and breach of fiduciary duty. Accordingly, because I am not reviewing the benefits plan's determination at this time, there is no need to rule on the appropriate standard of review.

### a. Denial of Life Insurance Benefits Claim

The defendants first argue that I should dismiss the plaintiff's denial of life insurance benefits claim because the pleadings and attached documents show that she failed to exhaust the administrative remedies established in the benefit plan prior to bringing this lawsuit. In response, the plaintiff argues that her March 14 Letter constituted an appeal and that Volkswagen's letters denying her life insurance benefits did not comply with ERISA's notice requirements. For the following reasons, I determine that the plaintiff's administrative remedies are deemed exhausted and her denial of life insurance benefits claim need not be dismissed for failure to exhaust.

Although ERISA does not contain an explicit exhaustion requirement, courts have universally required exhaustion of benefit plan remedies prior to bringing suit in federal court. *See, e.g.*, *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) ("An ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to the federal courts." (citing *Makar v. Health Care Corp. of Mid-Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989))). The exhaustion requirement is grounded in ERISA's "text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes." *Makar*, 872 F.2d at 82. The exhaustion requirement, however, is not absolute. Under 29 C.F.R. § 2560.503-1(l), one of ERISA's implementing regulations promulgated by the Department of Labor ("DOL"),

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this

>section,[3] a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act[4] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

While 29 C.F.R. § 2560.503-1(l) allows plaintiffs to bypass ERISA's exhaustion requirements, technical deviations from the requirements of 29 C.F.R. § 2560.503-1 do not permit plaintiffs to file directly in court. The DOL offers the following guidance:

>[N]ot every deviation by a plan from the requirements of the [29 C.F.R. § 2560.503-1] justifies proceeding directly to court. A plan that establishes procedures in full conformity with the regulation might, in processing a particular claim, inadvertently deviate from its procedures. If the plan's procedures provide an opportunity to effectively remedy the inadvertent deviation without prejudice to the claimant, through the internal appeal process or otherwise, then there ordinarily will not have been a failure to establish or follow reasonable procedures as contemplated by § 2560.503-1(l).

*Benefits Claims Procedure Regulations FAQs*, FAQ F–2, U.S. Dep't of Labor, http://www.dol.gov/ebsa/faqs/faq_claims_proc_reg.html (last visited July 18, 2017). Consistent with the DOL's interpretation, a number of federal circuit courts have limited the "deemed-exhausted provision . . . to instances in which the notice and disclosure deficiencies actually denied the participant a reasonable review procedure." *Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d

---

[3] 29 C.F.R. § 2560.503-1 establishes a number of procedural guidelines for the ERISA claims process. I discuss the section relevant to this matter in further detail herein. *See infra* pp. 10–12.

[4] Section 502(a) of the Act is codified at 29 U.S.C. § 1132(a), the section under which the plaintiff brought her claims.

1195, 1213 (10th Cir. 2014); *see also Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012) (determining that "[f]laws in [the benefit plan's] termination notice . . . become relevant only if [the plaintiff] reasonably relied on them in failing to request a review of its decision to terminate her disability benefits or if [the benefit plan's] missteps denied her meaningful access to a review" (citation omitted)); *Chorosevic v. MetLife Choices*, 600 F.3d 934, 944 (8th Cir. 2010) (noting that courts "may excuse a claimant from exhausting administrative appeals when the ERISA plan's actions or omissions deprive the claimant of information or materials necessary to prepare for administrative review or for an appeal to federal courts" (citation omitted)); *cf. Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 222 (2d Cir. 2006) ("The 'deemed exhausted' provision was plainly designed to give claimants faced with inadequate claims procedures a fast track into court.").

The Fourth Circuit, however, has not considered when administrative remedies are deemed exhausted under 29 C.F.R. § 2560.503-1(l). Prior to the promulgation of 29 C.F.R. § 2560.503-1(l), the Fourth Circuit determined that "[n]ormally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is remand to the plan administrator for a 'full and fair review.'" *Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 159 (4th Cir. 1993) (citing *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 n. 4 (4th Cir. 1985)); Claims Procedure, 65 Fed. Reg.

9

70,246, 70,265–71 (Nov. 21, 2000) (to be codified at 29 C.F.R. § 2560.503-1). The Fourth Circuit has not, however, considered procedural ERISA violations and the proper remedy for those violations in light of the DOL's promulgation of 29 C.F.R. § 2560.503-1(l) in 2000.[5]

The Fourth Circuit counsels that remand is generally the correct remedy in ERISA cases. Remand to the plan administrator furthers ERISA's statutory goal of giving plan administrators—not federal courts—primary responsibility for claims processing "by enabl[ing] plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Makar*, 872 F.2d at 83 (citation omitted). Remand, however, is not the appropriate remedy for every case. I determine, consistent with the federal circuit courts that have considered 29 C.F.R. § 2560.503-1(l)'s "deemed exhausted" provision, that waiver of ERISA's exhaustion requirement is the appropriate remedy where the plan failed to comply with procedures outlined in 29 C.F.R. § 2560.503-1 and the plan's failure to comply "denied the [plan] participant a reasonable review procedure." *Holmes*, 762 F.3d at 1213. My determination is consistent with the DOL's determination that 29 C.F.R. § 2560.503-1's protections are "essential to procedural fairness and that a decision made in the

---

[5] In its 2008 case *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008), the Fourth Circuit again stressed that the proper remedy for procedural noncompliance with 29 C.F.R. § 2560.503-1 is remand to the plan administrator; however, the Fourth Circuit examined neither the exhaustion requirement nor 29 C.F.R. § 2560.503-1(l) in that case.

10

absence of the mandated procedural protections should not be entitled to any judicial deference." Claims Procedure, 65 Fed. Reg. at 70,255.

Here, documents attached to the pleadings show that Volkswagen's denial of benefits letter did not comply with the procedural requirements of 29 C.F.R. § 2560.503-1(g). Under 29 C.F.R. § 2560.503-1(g), whenever a plan renders an adverse benefit determination, the plan must give the plan participant notice of that adverse benefit determination in writing. The writing provided by the plan must "set forth, in a manner calculated to be understood by the claimant" several different types of information. 29 C.F.R. § 2560.503-1(g). Of particular importance to this case, the writing must include "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review." *Id.* Volkswagen's March 31 denial letter included neither a description of the plan's review procedures nor any indication that the plaintiff could pursue a civil claim under section 502(a) of ERISA following an adverse benefit determination on review.

The defendants are careful to note, "Enclosed [with the March 31 denial letter] was the relevant summary plan description, which states that any claim must be appealed within 60 days." Mem. Supp. Defs.' 12(c) Mot. 13 [ECF No. 24]. Merely attaching the summary plan description, however, is insufficient to satisfy the notice requirements of 29 C.F.R. § 2560.503-1(g) because notice provided pursuant to that

11

regulation must be "set forth, *in a manner calculated to be understood by the claimant*." 29 C.F.R. § 2560.503-1(g) (emphasis added). Simply put, appending an arcane thirty-six page insurance plan description to a denial letter without once referencing the plan's review procedures in the body of the denial letter fails to sufficiently apprise the claimant of the plan's review procedures. *See Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 108 (2d Cir. 2003) (finding inadequate notice where the "initial denial letter [did] not expressly say that [the claimant] had ninety days to appeal" and cross-references in the denial letter failed to apprise the claimant of the plan's internal review procedures); *Hall v. Tyco Int'l Ltd.*, 223 F.R.D. 219, 238 (M.D.N.C. 2004) (finding inadequate notice where the letter did "not describe the plan's review procedures or the time limits applicable to those procedures, and it clearly [did] not inform [the claimant] that he had the right to bring a civil action pursuant to section 502"); *Ross v. Diversified Ben. Plans, Inc.*, 881 F. Supp. 331, 335 (N.D. Ill. 1995) (finding inadequate notice where the "denial notice did not mention the Plan's appeal procedure or specifically refer the claimant to the Plan book for information about the appeal procedure"). Similarly, Volkswagen failed to apprise the plaintiff of the plan's review procedures by merely stating, "If you have any questions, please do not hesitate to contact me." *See SunTrust Bank v. Aetna Life Ins. Co.*, 251 F. Supp. 2d 1282, 1289 (E.D. Va. 2003) (finding inadequate notice where the denial letter merely included the plan administrator's contact information for the claimant to contact if he had questions); Answer Ex. A, at 1. Accordingly, because Volkswagen

12

failed to describe its internal review procedure in the denial letter and the mere inclusion of the insurance plan description did not apprise the plaintiff of the plan's internal review procedure, I **FIND** that the pleadings contain sufficient allegations to support a showing that Volkswagen failed to comply with 29 C.F.R. § 2560.503-1(g).

Additionally, the plaintiff has alleged facts sufficient to support a showing that Volkswagen's failure to comply with 29 C.F.R. § 2560.503-1(g) effectively denied her a reasonable review procedure. In her Complaint, the plaintiff alleges that (1) Volkswagen sent her misleading communications, (2) Volkswagen failed to apprise her of her rights under ERISA or the plan's internal procedures, (3) she was misled and misinformed about her rights under the plan, and (4) Volkswagen did not provide a full and fair review of her claim. Compl. ¶¶ 26–28, 35, 36. The plaintiff's allegations are buttressed by the July 14 Letter that stated that she was time-barred from using the plan's internal procedures—procedures that she was not adequately apprised of per 29 C.F.R. § 2560.503-1(g). Therefore I **FIND** that the pleadings present sufficient allegations to support a showing that Volkswagen's failure to comply with 29 C.F.R. § 2560.503-1(g) denied the plaintiff a reasonable review procedure.

Because there are facts sufficient to support a showing that Volkswagen failed to comply with 29 C.F.R. § 2560.503-1(g) and Volkswagen's failure denied the plaintiff reasonable review of her life insurance claim, I **FIND** that the pleadings present sufficient allegations to support a showing that the plaintiff's administrative remedies are deemed exhausted for her life insurance benefits claim, and therefore,

13

dismissal is improper at this time. Accordingly, the defendants' Motion is **DENIED** as to the plaintiff's life insurance benefits claim.[6]

### b. Denial of Survivor Benefits Claim

Similarly, the defendants argue that I should dismiss the plaintiff's denial of survivor benefits claim because the pleadings and attached documents show that she failed to exhaust the plan's administrative remedies prior to initiating this lawsuit. The plaintiff fleetingly argues that "the facts clearly and positively show that further appeal to Liberty Mutual was futile." *See* Pl.'s Opp'n. 4.

Plaintiffs may avoid ERISA's exhaustion requirement by showing that use of the plan's internal appellate process is futile. *See, e.g., Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 471–72 (4th Cir. 2011). To support a showing of futility, there must be "'clear and positive' evidence that the [administrative] remedies are futile or useless." *Id.* at 472; *see also Nessell v. Crown Life Ins. Co.*, 92 F. Supp. 2d 523, 529 (E.D. Va. 2000) (finding futility where plan administrators told the plaintiff that their decision was final and irrevocable, that they would not consider any appeals, and that they would not provide documents the plaintiff requested). In support of her argument that using the plan's internal appellate procedures for her denial of survivor benefits claim would be useless, the plaintiff relies on *West v. Cont'l Auto., Inc.*, No. 316CV00502FDWDSC, 2016 WL 6543128 (W.D.N.C. Nov. 2, 2016).

---

[6] Because I determine that dismissal is improper on the grounds that the pleadings present allegations sufficient to support a showing that the deemed exhausted provision applies, I need not address whether the March 14 Letter constituted an appeal.

However, *West* is not analogous to this case. In *West*, the plaintiffs alleged that they used the administrative appeal process, the defendants opposed a particular plan interpretation in the administrative appeal process for three years and after two separate court decisions, and, even after that extensive process, the defendants continued to oppose the plaintiffs' plan interpretation. *Id.* at *2. The facts alleged in this case are decidedly different than the bureaucratic quagmire present in *West*; indeed, the documents attached to the Answer cut against a showing of futility. After vacillating on whether the plaintiff was entitled to a survivor benefit and leaving conflicting voicemail messages, the pleadings indicate that the defendants sent a letter to the plaintiff definitively denying her survivor benefits claim, clearly outlining the administrative appellate procedure, and restarting the time-period during which the plaintiff could initiate her administrative appeal. *See* Answer Ex. B, at 5–6. Nothing in the pleadings shows that the defendants attempted to stymy the plaintiff's appeal or that the defendants would inevitably deny the plaintiff's appeal. Therefore, I **FIND** that the plaintiff has not alleged facts sufficient to support a showing of futility. Accordingly, the defendants' Motion is **GRANTED** as to the plaintiff's denial of survivor benefits claim.

### c. Breach of Fiduciary Duty Claim

Finally, the defendants argue that I should dismiss the plaintiff's breach of fiduciary duty claim because the allegedly breached duties were ministerial, not fiduciary, in nature. In response, the plaintiff argues that the alleged breaches were

15

fiduciary breaches because Volkswagen was both the payor and the adjudicator of the plaintiff's claims.

Under ERISA,

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Therefore, to determine whether challenged conduct constitutes a breach of fiduciary duty, courts must "examine the conduct at issue [to determine] whether an individual is an ERISA fiduciary." *Wilmington Shipping Co. v. New Eng. Life Ins. Co.*, 496 F.3d 326, 343 (4th Cir. 2007) (quoting *Hamilton v. Carell*, 243 F.3d 992, 998 (6th Cir. 2001)). In so doing, courts must "determine whether [the conduct at issue] constitutes 'management' or 'administration' of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on an ERISA plan not subject to fiduciary standards." *Hamilton*, 243 F.3d at 998 (quoting *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 718 (6th Cir. 2000)). The DOL provided guidance to courts making that determination:

> Only persons who perform one or more of the functions described in [29 U.S.C. § 1002(21)(A)] with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as [advising participants of their rights and options under the

16

> plan][7] for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so.

29 C.F.R. § 2509.75-8(D-2); *see also Moon v. BWX Techs., Inc.*, 577 F. App'x 224, 231 (4th Cir. 2014) (relying on 29 C.F.R. § 2509.75-8(D-2) to determine whether a party breached a fiduciary duty in an ERISA case).

Here, the plaintiff alleges that the defendants breached their fiduciary duties by failing to advise her of her rights under the benefits plan, failing to advise Mr. Turner of his rights under the plan while he was alive, and sending the plaintiff and Mr. Turner erroneous statements that indicated he continued to have life insurance under the plan. None of the conduct alleged by the plaintiff constitutes management or administration of the plan; indeed, all of the alleged conduct implicates advising the plaintiff or her rights under the plan—a category of conduct that the DOL specifically determined was ministerial. *See Moon*, 577 F. App'x at 231 (finding that failure to notify a claimant that he was no longer eligible for life insurance was a ministerial function based on 29 C.F.R. § 2509.75-8(D-2)). Although the plaintiff argues that Volkswagen's conduct constitutes a breach of fiduciary duty because it is

---

[7] The regulation itself includes more examples of what constitutes purely ministerial functions; however, for the sake of brevity, only those functions pertinent to this case are included.

both the payor and adjudicator of claims, ERISA fiduciary status is conferred by the function performed—not the position of the entity performing the duty. *Id.* at 229 ("[B]ecause the definition of ERISA fiduciary 'is couched in terms of functional control and authority over the plan,' we must 'examine the conduct at issue when determining whether an individual is an ERISA fiduciary.'" (quoting *Wilmington Shipping Co.*, 496 F.3d at 343)). Here, the functions on which the plaintiff bases her breach of fiduciary duty claim are ministerial. Therefore, I **FIND** that the plaintiff has not alleged facts sufficient to support a breach of fiduciary duty claim. Accordingly, the defendant's Motion is **GRANTED** as to the plaintiff's breach of fiduciary duty claim.

## IV.  CONCLUSION

For the above stated reasons, the court **ORDERS** that the defendants' Rule 12(c) Motion for Judgment on the Pleadings [ECF No. 23] is **DENIED** as to the plaintiff's denial of life insurance benefits claim and **GRANTED** as to the plaintiff's denial of survivor benefits claim and breach of fiduciary duty claim.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     July 18, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE